**Michael HAGGERTY, Plaintiff– Appellant**

v.

**FEDERAL INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, Defen- dants–Appellees**

No. 00–57062.

D.C. No. CV–00–05180–GHK.

United States Court of Appeals, Ninth Circuit.

---

Submitted * Feb. 4, 2002.

Decided Feb. 19, 2002.

Before O'SCANNLAIN, and SILVERMAN, Circuit Judges, and REED **, District Judge.

## MEMORANDUM ***

Appellant Michael Haggerty ("Haggerty") appeals from an order granting summary judgment to Appellee Federal Insurance Company ("Federal"). Haggerty sued Federal when it rejected Haggerty's tender of defense for an underlying lawsuit brought by Haggerty's former employers, Travelways, Inc. ("Travelways") and Stardust Executive Transportation, Inc. ("Stardust"). Because the facts are known to the parties, we cite them herein only as necessary.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

*** This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## DISCUSSION

### I. Arguments Raised For The First Time on Appeal.

This court will only review an issue that has been raised for the first time on appeal under certain narrow circumstances, one of which is when the issue is purely one of law that does not require a developed factual record. *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1063–64 (9th Cir.1996). The decision to consider an issue not raised below is discretionary, and we do not address the issue if it would prejudice the other party. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996).

■ Haggerty's arguments raised *for* the first time on appeal concern the purported ambiguity of the terms "under this coverage section" and the term "total assets," as those terms are used in the "Changes in Exposure" provision. We exercise our discretion to consider Haggerty's new arguments as they are questions of law. *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18, 44 Cal. Rptr.2d 370, 900 P.2d 619 (1995) (interpretation of insurance contracts is a question of law).[1]

### II Stardust Automatically Became An Insured Under The "Changes in Exposure" Policy Provision.

The underlying goal of Haggerty's appeal is to demonstrate that Stardust was not an "insured" under its' parent company's policy, the purpose of which is essentially to except the claim from the "insured-versus-insured" exclusion.[2] Haggerty lodges three attacks by parsing the language in the "Changes in Exposure" provision in the policy in order to accomplish this goal. None of his arguments has merit.

### A. "Under This Coverage Section" Is Not Ambiguous.

■ First, Haggerty argues that the term "under this coverage section" in the "Changes in Exposure" section of the Policy is ambiguous. The purported ambiguity exists, he argues, because "under this coverage section" can reasonably be read to limit the application of the 1998–1999 policy to that single policy year. Because Haggerty tendered his claim in May 1999, during the renewed policy period, he seems to assert that Stardust was no longer covered.

There is no ambiguity. A clear reading of the provision confirms that the term "under this coverage section" limits coverage to subsidiaries acquired during the policy period. However, the district court did not find that Stardust attained its status as an insured under the 1999–2000 policy from this provision. Rather, it became insured under the renewed 1999–2000 policy because the "Named Insured" on that policy is "Global Passenger Services and its Subsidiary(ies)."[3] Because Stardust became a subsidiary of Travelways in 1998, there is no doubt it qualified as an insured when Haggerty tendered his claim in 1999. Haggerty's attempt to cre-

---

**1.** Because jurisdiction for this case is based upon diversity, this court applies California substantive law. *Continental Ins. Co. v. Metro–Goldwyn–Mayer, Inc.*, 107 F.3d 1344, 1346 (9th Cir.1997).

**2.** Haggerty overlooks the obstacle he creates if he is able to prove Stardust is not an insured: if Stardust is not an insured, neither is he, as a Stardust officer. Notably, he never addresses whether he is seeking coverage in his capacity as a former Travelways officer or as a former Stardust officer. Because we find Stardust is an insured, however, we need not give this predicament further attention.

**3.** Global Passenger Services ("Global") is the parent company of Travelways.

ate an ambiguity out of the term "under this coverage section" where none exists, fails. *See La Jolla Beach and Tennis Club, Inc. v. Industrial Indemnity Co.*, 9 Cal.4th 27, 37, 36 Cal.Rptr.2d 100, 884 P.2d 1048 (1994) (courts will not adopt an ambiguity where none exists).

### B. "Total Assets" Is Unambiguous.

■ Haggerty next argues that the district court wrongly found the term "total assets" unambiguous and argues for the first time on appeal that the term "total assets" is ambiguous because it is uncertain whether the term should include goodwill.

"Total assets" appears in the second paragraph of that section as follows:

> If the fair value...paid by the Insured Organization for any such acquisition [of an organization] exceeds 10% of the total assets of the Parent Organization as reflected in the Parent Organization's most recent audited consolidated financial statements, the Parent Organization shall give written notice of such acquisition... [to Federal] as soon as practicable....

Thus, Global was required to give Federal notice when it acquired an organization whose value exceeded 10% of Global's "total assets."[4] To determine Global's "total assets" both the parties and the district court relied on Global's December 31, 1997 balance sheet for figures reflecting the company's worth. Finding the term unambiguous, the court used the line item figure on Global's balance sheet, which listed "total assets" as $122,565,072. The parties do not dispute that Stardust's

purchase price was $9,221,019. According to these calculations, the notice requirement was not triggered by the acquisition of Stardust.

Nonetheless, Haggerty argues that the term "total assets" is ambiguous because it is uncertain whether the term should include goodwill. Accepting his calculations, the acquisition of Stardust for $9,221,019 would exceed 10% of Global's "total assets" and trigger the notice in the "Change in Exposure" provision.

Haggerty has failed to demonstrate that the term "total assets" is ambiguous. The policy specifically refers to "total assets as reflected in the Parent Organization's most recent audited consolidated statement." The term does not stand alone, but must be interpreted in context to find its plain meaning. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1265, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992) (language in a contract must be construed in the context of that instrument as a whole, and cannot be found to be ambiguous in the abstract). When read in conjunction with the qualifying phrase, its meaning is clear. "Total assets" means the amount reflected on Global's balance sheet as such.

As the district court found, "total assets" means just what its ordinary and plain meaning would suggest. It does not mean that one type of intangible asset, namely goodwill, should be indiscriminately subtracted from the sum total. The term is unambiguous and Stardust did not exceed 10% of Global's "total assets."

### Conclusion

The district court made no error in finding Haggerty was excluded from coverage

4. Because the first paragraph of the "Change in Exposure" section provides that subsidiaries automatically become insured, Haggerty assumes the second paragraph, in which "total assets" is used, affects coverage of subsidiaries. Specifically, Haggerty argues that the notice provision is a condition precedent to Stardust's coverage. Following his logic, failure to give notice when an acquisition exceeds 10% of total assets would result in negating coverage for a subsidiary.

under the "insured-versus-insured" exclusion in Federal's Policy and, therefore, was not entitled to coverage for the underlying State Court Action. The judgment of the district court is hereby AFFIRMED.